International Union Bank, Plaintiff, *v.* National Surety Company, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, March 24, 1925.

**Banks and banking — action on bond indemnifying plaintiff against loss through payment of forged checks or establishment of credit to customer on faith of said checks — customer of plaintiff deposited two checks to his order and purporting to be signed by third persons but actually signed by himself — said checks were not paid — customer was known at payee banks under names which he used to sign checks — forgery committed by use of one's own name — defendant is liable.**

A surety company is liable on a bond given to a bank to indemnify it against any loss through the payment by the bank of forged or raised checks or genuine

checks bearing forged indorsement or the establishment of credit to any customer on the faith of such checks, where it appears that a customer of the plaintiff bank deposited two checks purporting to be drawn by third persons to his order and later withdrew the money with which he was credited; that the checks so deposited were not paid and that the customer was known at the payee banks under the name of the maker of each of the two checks, and that he, himself, drew the two checks, using said fictitious names, payable to himself, indorsed them and deposited them in the plaintiff bank.

The customer in presenting the checks to the plaintiff represented that each check was drawn by a third person, not by himself, so that the checks purported to be that which they were not, and on the strength of that false representation, implied at least, and on the faith of the checks, the plaintiff established a credit to the customer and suffered a loss thereby which was covered by the bond. A forgery may be committed by the use of one's own name.

ACTION on banker's blanket bond to recover for loss through forged checks.

*Morris Hillquit,* for the plaintiff.

*Prince & Loeb* [*Sidney J. Loeb* of counsel], for the defendant.

GENUNG, J.:

The defendant issued to the plaintiff (a domestic banking corporation), for a consideration duly paid, its " Bankers Blanket Bond " indemnifying the plaintiff against (among other mishaps) " any loss through the payment, whether received over the counter or through the clearing house or mail, of forged or raised checks or (genuine) checks bearing forged endorsements or the establishment of any credit to any customer on the faith of such checks."

It is agreed that one George D. Wagner had an account in plaintiff bank with a credit balance on February 11, 1924, of $350. On that day he deposited with the plaintiff two checks aggregating $800. One check of $400 was drawn on the Chatham and Phenix National Bank by Charles G. Weber to Wagner's order; the other check of $400 was drawn on the Yorkville Bank by Charles F. Vietz to Wagner's order. Both checks were indorsed by Wagner, and the plaintiff bank credited his account with the sum of $800 and Wagner then drew $800 from the plaintiff. Thereafter the Chatham and Phenix Bank returned the Weber check " no account " and the Yorkville Bank returned the Vietz check " insufficient funds; " so the loss to the plaintiff is $450, viz., the $800 paid out, less the credit balance of Wagner of $350.

It was stipulated that all of the checks were " signed and endorsed by one and the same person in one and the same handwriting," that person being known in the different banks as " Wagner," " Weber " and " Vietz." The plaintiff, therefore, claims that it is entitled to recovery on the theory that it incurred a loss through

the establishment of a credit to a customer upon the faith of forged checks, while the defendant contends that these checks were not forgeries within the meaning of the word as used in its policy.

We are not concerned with a question of statutory construction but with the meaning of a contract and " forgery " as used in this contract, forgery " as common thought and common speech would now imagine and describe it." (*Van Vechten* v. *American Eagle Fire Ins. Co.*, 239 N. Y. 303.)

Forgery, as a crime, at common law, is defined to be " the fraudulent making of a writing to the prejudice of another's rights " (4 Black. Com. 247); or " the making *malo animo* of any written instrument for the purpose of fraud and deceit " (2 East P. C. 852); or " the false making or material alteration, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability. (2 Bish. Crim. Law, § 523)." (*Marden* v. *Dorthy*, 160 N. Y. 39, 53.) It has also been defined to be " the false making of an instrument which purports to be that which it is not." (*People* v. *Filkin*, 83 App. Div. 589, 597; affd., 176 N. Y. 548.) These definitions show the common-law origin of " forgery," viz., that it belonged originally to that class of misdemeanors called " cheats." (26 C. J. 896.) Under the stipulation, it is true, each of the checks was signed by the name known at the bank on which the check was drawn, but a forgery may be committed even by the use of one's own name. (*People's Trust Co.* v. *Smith*, 215 N. Y. 488; *Graves* v. *Amer. Ex. Bank*, 17 id. 205; *People* v. *Peacock*, 6 Cow. 72; *Third Nat. Bank* v. *Merchants' Nat. Bank*, 76 Hun, 475, 478.) Here Wagner in presenting these checks to the plaintiff represented that each check was drawn by a third person, not by himself, so that the check " purports to be that which it is not." On the strength of that false representation (implied at least) and on the " faith of such checks," the plaintiff established a credit to Wagner. Whether the plaintiff bank was negligent in paying out on uncollected checks was not pleaded or litigated. (*National Surety Co.* v. *National City Bank*, 184 App. Div. 771, 776.)

There should be judgment for the plaintiff.